## BURLESON v. BURLESON.

### No. 8792.

Court of Civil Appeals of Texas. Austin.

March 15, 1939.

John D. Hartman, of San Antonio, for plaintiff in error.

N. C. Walker, of San Saba, and Allan V. McDonnell, of Waco, for defendant in error.

BLAIR, Justice.

The parties will be designated as appellant and appellee. Appellant, Jennie May Burleson, instituted this proceeding against appellee, Richard C. Burleson, in the nature of a bill of review to set aside a judgment granting her a divorce, rendered at a former term of the same court, and which had become final.

In April, 1935, appellee, Richard C. Burleson, instituted an action for divorce against appellant, Jennie May Burleson; the cause being returnable to the April term, 1935, of the District Court of San Saba County, but was continued and tried

at the November term, 1936, of said court. The trial resulted in a jury verdict denying appellee, Richard C. Burleson a divorce. This verdict was set aside on the ground of misconduct of the jury and other errors, and a new trial granted. In April, 1937, the cause again came on for trial, at which time appellant, Jennie May Burleson, filed a cross action for divorce. This trial, in April, 1937, resulted in a decree of divorce granted to appellant, Jennie May Burleson upon her cross action, and division of properties. No motion for new trial was filed and no appeal was prosecuted from this judgment. Later and after the term of the court had expired and the judgment had become final, appellant, Jennie May Burleson, filed and instituted, on September 27, 1937, this proceeding in the nature of a bill of review to set aside and vacate the judgment of divorce which had been granted her upon her cross action at the April term of said court. The pleading to set aside and vacate the judgment was signed by appellant, Jennie. May Burleson, in her proper person; but on the hearing of the same both she and other counsel employed by her appeared.

The petition for review of the former judgment is voluminous and very indefinite. Generally, it attempts to set aside the former judgment because the defense of insanity was not set up in some manner as against either spouse obtaining a divorce; and charged her attorneys with fraud, collusion, and misrepresentation in filing her cross action for divorce, knowing her nervous and mental state, and in not securing an order of the court to place her under "observation and a judgment as to her sanity before submitting to a trial." Appellant further alleged that she did not want a divorce on her cross action.

The trial court sustained several special exceptions and demurrers to the petition, upon the ground that same was too vague and indefinite to present any issue of insanity or fraud of her counsel; and upon counsel for appellant refusing to amend, dismissed the petition for a review of the former judgment.

We have carefully examined the petition and find that the trial court correctly sustained the exceptions and demurrers, and correctly dismissed the petition for review of the former judgment.

The judgment of the trial court is affirmed.

Affirmed.